Jay J. Schuttert, Esq.
Nevada Bar No. 8656
Alexandria L. Layton, Esq.
Nevada Bar No. 14228
**EVANS FEARS & SCHUTTERT LLP**
6720 Via Austi Parkway, Suite 300
Las Vegas, Nevada 89119
Telephone:  702-805-0290
Facsimile:  702-805-0291
Email: jschuttert@efstriallaw.com
Email: alayton@efstriallaw.com

*Attorneys for Defendants Northrop Grumman
Systems Corporation, United Technologies
Corporation, and Goodrich Corporation*

**UNITED STATES DISTRICT COURT**

**LAS VEGAS, NEVADA**

JORDAN J. POTTER,

           Plaintiff,

vs.

CRANE CO., DJO, LLC, EATON AEROQUIP, LLC; GENERAL DYNAMICS CORPORATION; GENERAL ELECTRIC COMPANY; GOODRICH CORPORATION f/k/a The BF Goodrich Company; HONEYWELL INTERNATIONAL, INC., Individually and as successor to Alliedsignal, Inc., and The Bendix Corporation, IMO INDUSTRIES, INC.; IMO INDUSTRIES, IN., Individually and as successor in interest to Adel Fasteners; NORTHROP GRUMMAN CORPORATION; OLD ORCHARD INDUSTRIAL CORP.; PNEUMO ABEX LLC, Individually and a successor by merger to PNEUMO ABEX CORPORATION, successor-in-interest to ABEX CORPORATION f/k/a AMERICAN BRAKE SHOE COMPANY, and FOUNDRY COPMANY and THE AMERICAN BRAKEBLOK CORPORATION, f/k/a THE AMERICAN BRAKE MATERIALS CORPORATION; UNITED TECHNOLOGIES CORPORATION; DOES 1 through 10, inclusive; and ROE CORPORATIONS 1 through 50, inclusive,

           Defendants.

**Case No.: 2:20-cv-00276-RFB-VCF**

**STIPULATION AND ORDER REGARDING CONFIDENTIAL AND EXPORT-CONTROLLED MATERIALS**

## GOOD CAUSE STATEMENT

This action may involve production of documents and discussion of trade secrets, research and development, and/or proprietary information for which special protection from public disclosure or any purpose other than prosecution of this action is warranted.[1]  In addition, some of the documents, materials, and information that will be relevant in this matter have disclosure restrictions required by federal regulations of the United States, including, but not limited to, the U.S. Arms Export Control Act, as amended, 22. U.S.C. §§ 2751-2799, the International Traffic in Arms Regulations ("ITAR"), as amended, 22 C.F.R. §§ 120-130, the Export Administration Act, as amended, 50 U.S.C. §§ 2401-2420, the Export Control Reform Act, 50 U.S.C. §§ 4801-4826, and/or the U.S. Export Administration Regulations ("EAR"), as amended, 15 C.F.R. §§ 730, *et seq.* and any regulations and orders administered by the Treasury Department's Office of Foreign Assets Control Regulations (31 CFR Chapter V) (collectively "U.S. Export Control Laws"). Violation of these statutes might subject the parties to fines or other potential penalties. *See* 22 U.S.C. 2278; 22 C.F.R. 127.3; 50 U.S.C. 1705; 15 C.F.R. 764.3.

This Court has authority to issue a protective order for good cause.  Fed. R. Civ. P. 26(c)(1). Given the national security interests and the potential for severe criminal and civil penalties, there is a clear showing of a particular and specific need for this protective order.  *Blankenship v. Hearst Corp.*, 519 F. 2d 418, 429 (9th Cir. 1975).

These export control requirements make it imperative that documents produced in discovery are handled in such a way so that federal laws and regulations on dissemination of the information are not violated.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, and to adequately restrict the disclosure of export-controlled information as required by the laws of the United States, while ensuring the parties are permitted reasonable and necessary uses of such material in preparation for and in the conduct of trial, and to serve the ends of justice, a protective order for such information is justified in this matter.

---

[1] No parties' agreement to this Protective Order is intended to evidence or reflect any waiver or other compromise of the jurisdictional challenges asserted in any parties' motion to dismiss for lack of personal jurisdiction.

Wherefore:

1.      It is hereby ordered by the Court that the following shall apply to information, documents, testimony, excerpts from documents, and other materials produced in this action by the parties to this action pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of the District of Nevada governing disclosure of information and discovery.

2.      Information, testimony, documents and other materials may be designated ("Designated Material") by any of the parties to this lawsuit, ("Designating Party(ies)") in the manner permitted as set forth in this Protective Order ("Order").  All such information, testimony, documents, excerpts from documents, and other materials will constitute Designated Material under this Order. The designations shall be (a) "CONFIDENTIAL" ("Confidential"); and/or, (b) "SENSITIVE—SUBJECT TO EXPORT CONTROL—U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, U.S. Export Administration Regulations, Export Control Reform Act," ("Export-Controlled") and/or (c) "SENSITIVE—SUBJECT TO NISPOM—National Industrial Security Program Operating Manual, DoD 5220.22-M.".

3.      Documents shall be designated by stamping or otherwise marking the documents with the words "CONFIDENTIAL," and/or "SENSITIVE—SUBJECT TO EXPORT CONTROL—U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, U.S. Export Administration Regulations, Export Control Reform Act," and/or "SENSITIVE—SUBJECT TO NISPOM—National Industrial Security Program Operating Manual, DoD 5220.22-M," thus clearly identifying the category of Designated Material for which protection is required under the terms of this Order.  Depending on the nature and substance of the document it may designated with more than one designation under this Order.  Designated Material not reduced to documentary form shall be designated by the Designating Party in a reasonably equivalent way.

4.      Nondisclosure of information designated as Confidential:

a.      Information may be designated as Confidential if the information constitutes (i) a trade secret as defined under law; (ii) confidential or proprietary business information, the disclosure of which might adversely affect or prejudice the business or the competitive position of

the Designating Party or any of that party's past or present subsidiaries, affiliated companies, or divisions, within that party's trade or business; (iii) non-public financial information relating to the Designating Party or any of that party's present or past subsidiaries, affiliated companies or divisions; (iv) non-public information which the Designating Party is under an obligation to any other person to maintain in confidence; or (v) any information otherwise protected from disclosure by the applicable rules of civil procedure and/or rules of evidence.   Confidential information will mean and include information contained or disclosed in any materials, including without limitation, documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is designated as Confidential as set forth in this Order by any party to which such information belongs.

       b.     The Parties agree that information designated Confidential may be used by any or all parties to the instant litigation for any lawful purposes at deposition and/or trial and may be attached as an exhibit to any depositions taken for these purposes pursuant to the terms of this Order.

       c.     If a party or its principal or authorized agent receives a subpoena or other process ("Subpoena") demanding production of information or materials that have been designated as Confidential, the recipient of the Subpoena shall promptly give notice of the same by electronic mail, certified express mail (return receipt requested), overnight delivery, or facsimile transmission to counsel of record for the affected Designating Party and shall furnish such counsel with a copy of the Subpoena or other request so that the affected Designating Party may, in its sole discretion, move to quash or limit the Subpoena or request or otherwise oppose production of the material or information designated as Confidential.  The person receiving the Subpoena or other request shall not produce the information or material designated as Confidential until the Designating Party has had a reasonable opportunity to challenge the Subpoena or request.

     5.     Material designated as Confidential shall not be used or disclosed for any purpose other than the litigation of this action and may be disclosed only as follows:

- 4 -

a.      Parties: material designated Confidential may be disclosed to parties to this action including their attorneys, directors, officers, employees, and consultants who have a legitimate need to see the information in connection with their responsibilities for overseeing the litigation or assisting counsel in preparing the action for trial or settlement. Before material designated as Confidential is disclosed for this purpose, each intended recipient must agree to be bound by this Order by signing a copy of the form attached hereto as Exhibit A ("Exhibit A").

b.      Experts: material designated Confidential may be disclosed to experts reasonably anticipated to testify or consult in the captioned case, provided that before material designated as Confidential is disclosed for this purpose, each intended recipient must agree to be bound by this Order by signing a copy of Exhibit A.

c.      Other Persons: material designated Confidential may be provided as necessary to copying services, translators, and litigation support firms. Before material designated as Confidential is disclosed to such third parties, each such person must agree to be bound by this Order by signing a copy of Exhibit A.

d.      A party that provides or discloses material designated as Confidential to persons under the provisions of this paragraph (Paragraph No. 5) shall maintain copies of all signed Exhibit A forms and, upon request, shall produce all such signed Exhibit A forms to the Designating Party upon the final termination of this action.

6.      The Designating Party shall designate any materials, testimony or information that it believes to be subject to U.S. Export Control Laws[2] as "SENSITIVE—SUBJECT TO EXPORT CONTROL—U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, U.S. Export Administration Regulations, Export Control Reform Act."  If classified data is involved, the receiving Party must also comply with the National Industrial Security Program Operating Manual, DoD 5220.22-M ("NISPOM") and the Designating Party

---

[2] U.S. Export Control Laws shall include the U.S. Arms Export Control Act, as amended, 22 U.S.C. §§ 2751-2799, the  International Traffic in Arms Regulations, as amended, 22 CFR 120-130 ("ITAR"), the Export Control Reform Act, 50 U.S.C. §§ 4801-4826, and/or the U.S. Export Administration Regulations, as amended, 15 CFR 730 et seq. ("EAR") and any regulations and orders administered by the Treasury Department's Office of Foreign Assets Control Regulations (31 CFR Chapter V).

shall so indicate in its designation by stamping the document as follows: "SENSITIVE—SUBJECT TO NISPOM—National Industrial Security Program Operating Manual, DoD 5220.22-M."

7.      Material designated as Export-Controlled may only be released, disclosed or made accessible to U.S. Persons (as that term is defined at 22 CFR 120.15 and hereafter "U.S. Person" or "U.S. Persons"), that are not named on any restricted or denied party/individual/entity list maintained by relevant government agencies.  This restriction applies to any material designated as Export-Controlled, whether stored electronically on a server or otherwise.   Before material designated as Export-Controlled is disclosed to any person, each such person must agree to be bound by this Order by signing a copy of Exhibit A, attesting that he or she is a U.S. Person as that term is defined as set forth above and at 22 CFR 120.15 and that he or she is not named on any restricted list or on any denied party/individual/entity list maintained by any government agency that would disqualify him or her from receiving Export-Controlled materials or information. Additionally, before material designated as Export-Controlled is disclosed to any person, each such person shall provide a copy of his or her signed Exhibit A to the Designating Party releasing the materials, testimony, and/or information designated as Export-Controlled, and shall obtain approval from the Designating Party that he or she is eligible to receive materials or information designated as Export-Controlled. The Designating Party may, at its discretion, confirm the attestations contained within the signed Exhibit A before approving that person for receipt of materials, testimony, and/or information designated as Export-Controlled

a.      The screening and approval process referenced in Paragraph No. 7, above, shall be conducted by the Designating Party releasing the Export-Controlled materials.  Parties shall provide the full legal name and the date of birth of anyone that they wish to be screened to counsel for the Designating Party.   For Plaintiff's consultants and experts, the screening can be accomplished as outlined in  Paragraph No. 7.b., below.

b.      For the screening of any consultant or expert retained by Plaintiffs, the Designating Party shall provide the contact information of a person employed by the Designating Party who can be contacted directly by Plaintiff's counsel, and who will perform screenings as requested.   Plaintiff's counsel can provide the completed and signed Exhibit A from any of

Plaintiff's consultants or Experts to the Designating Party's contact as outlined in this subparagraph and the Designating Party's contact will respond directly to Plaintiff's counsel as to whether the name listed on the Exhibit A is approved (or not approved) to receive the Export-Controlled materials produced by that Designating Party.  The Designating Party agrees and promises that the person performing screenings under this Paragraph (7.b.) shall not have any involvement in the litigation of this matter outside of performing screenings as requested, and shall not disclose the identity of anyone that he/she screens to any party or to any person employed or retained by the Designating Party that is involved in the litigation of this matter.  No Export-Controlled materials shall be disclosed to any of Plantiff's consultants or experts until and unless Plaintiff's counsel receives an approval to do so from the Desigated Party's contact as outlined in this Paragraph.  Upon final termination of this action, the contact for the Designated Party that receives the Exhibit A's and conducts the screenings or communicates to Plaintiff's counsel whether the name on the Exhibit A is approved to receive the Designated Material may provide copies of all Exhibit A's that he/she received to trial counsel for the Designating Party in this matter for purposes of confirming that all Export-Controlled materials are returned or destroyed pursuant to the provisions of this Order.

        c.      With respect to screenings performed pursuant to Paragraph No. 7.b., the Designating Party and/or its contact must respond to Plaintiff's counsel with the approval or disapproval of any person's ability to receive Export-Controlled material within five (5) business days of the submission of that person's Exhibit A to the Designating Party or its contact.  If a person is disapproved, the Designating Party or its contact must also provide the reason for the disapproval.

8.     In addition to the other requirements of this Order, by accepting material designated as Export-Controlled, the receiving party represents and warrants that he/she/it is a U.S. Person (as that term is defined as set forth above and at 22 CFR 120.15) and that he/she/it will comply with all applicable export, import, and sanctions laws, regulations, orders, and authorizations.

9.     Prior to disclosing any Designated Material to any person, the person making such disclosure shall:

a.     inform the person to whom disclosure is intended of the Confidential and/or Export-Controlled nature of the Designated Material by calling their attention to the designations and explaining what each designation means as set forth in this Order;

b.     inform the person to whom disclosure is intended that this Court has enjoined the use of the Designated Material by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person in any way that is inconsistent with this Order;

c.     provide the person to whom disclosure is intended with a copy of this Order and obtain a copy of Exhibit A that is signed by that person; and,

d.     for any material designated as Export-Controlled, provide a copy of Exhibit A signed by the person to whom disclosure is intended and obtain approval from the Designating Party for the person to whom disclosure is intended to receive the materials or information designated as Export-Controlled as set forth in Paragraph No. 7 (including subparagraps 7.a., 7.b., and 7.c.) of this Order.

10.    A person having custody of Designated Material shall maintain it in a manner that limits access to the Designated Material to persons permitted such access under this Order.

11.    The Designating Parties will use reasonable care to avoid designating documents or information that do not qualify for a designation.

12.    A party may submit a request in writing to the Designating Party that produced Designated Material that the designation be modified or withdrawn.  If the Designating Party does not agree to the withdrawal or re-designation within fifteen business days, the objecting party may apply to the Court for relief.  A motion requesting that a designation be modified or withdrawn must identify, with specificity, the designation(s) at issue and the reasons why the moving party asserts that the designation is improper.  Upon any such application/motion, the burden shall be on the Designating Party to show why the designation is proper.  Before serving a written challenge, the objecting party must attempt in good faith to meet and confer with the Designating Party in an effort to resolve the matter.

13.     When Export-Controlled testimony is sought at a deposition or when Export-Controlled information or material is produced or requested to be produced at a deposition, the Designating Party may exclude from the deposition all persons other than those to whom the Export-Controlled material may be disclosed under this Order.

14.     A party may mark Designated Material as a deposition exhibit, only if the deposition witness is one to whom the exhibit may be disclosed under this Order and if the exhibit displays the same designation as the original Designated Material.

15.     A party which reasonably anticipates it will use, disclose, seek the disclosure of, or be requested to disclose information or material at a hearing or discovery proceeding that is or will be designated as Export-Controlled material must notify all parties of the same within ten days of serving or receiving notice of the hearing or discovery proceeding.  If the party serving notice of the hearing or discovery proceeding reasonably anticipates that Export-Controlled material will be used or disclosed at the hearing or discovery proceeding, that party must also identify the Designating Party of the Export-Controlled material that it anticipates will be used or disclosed in its notice to all parties that Export-Controlled material will be used or disclosed at the hearing or proceeding.  Parties who expect to attend any hearing or discovery proceeding where notice has been given about the possible disclosure of Export-Controlled material pursuant to this paragraph must provide to the Designating Party an Exhibit A, completed and signed by the person that will be attending the hearing or proceeding, and obtain approval from the Designating Party that the person that will be attending the hearing or proceeding is eligible for receipt of Export-Controlled materials or information.  A completed and signed Exhibit A for any and all persons who intend to attend the hearing or discovery proceeding must be provided to the Designating Party at least 10 days before the date noticed for the hearing or discovery proceeding.  The Designating Party will respond as to whether a person has been approved for receipt of Export-Controlled materials no later than five business days after receiving a completed and signed Exhibit A for that person.  Any party that fails to timely provide a completed and signed Exhibit A for the person that they intend to attend the hearing or discovery proceeding on its behalf under this Order may waive its right to be present at the subject hearing or discovery proceeding.

16.     Deposition transcripts, or portions thereof, may be designated either (a) when the testimony is recorded, or (b) by written notice to all counsel of record, given within fifteen business days after the Designating Party's receipt of the transcript, in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof, including any "rough draft," incomplete, or uncertified copies of the transcript in their possession or control as directed by the Designating Party.  For any hearing or discovery proceeding where a party provides notice that it anticipates disclosure of Export-Controlled materials as set forth in Paragraph No. 15, pending expiration of the fifteen business days as referenced in this paragraph, the deposition transcript shall be marked and treated as designated Export-Controlled in its entirety, and may not be distributed to anyone other than the Designating Party.

17.     In conjunction with filing any documents with the Court that contain any portion of Desigated Material or information taken from Designated Material, the filing party must file a motion for an order sealing the documents consistent with the Ninth Circuit opinions of *Kamakana v. City and County of Honolulu*, 447 F.3d I 172, lI78-79 (9th Cir. 2006) and *Pintos v. Pacific Creditors Association*, 605 F.3d 665, 678 (9th Cir. 2010) and consistent with Local Rule IA 10-5.  A copy of the motion to seal must be served on all parties who have appeared in the case. When filing the motion, the filing party will cite to the Court the grounds for filing any Designated Material under seal.  The parties agree that any motion will be narrow in scope to ensure that the only information withheld from public inspection is information expressly authorized by the Order. Whenever possible, disputes regarding confidentiality designations should be resolved before any Designated Material or any document containing or referencing it is filed with the Court.  For any item of any Designated Material for which a designation dispute has not been resolved, that item and any document containing or referencing it will be filed under seal (at least provisionally), pursuant to local court practice or in a sealed envelope or other appropriate sealed container on which shall be endorsed the title of the action to which it pertains, an indication of the nature of the contents of such sealed envelope or other container, the phrase "subject To Protective Order," and a statement substantially in the following form: "This envelope or container shall not be opened

without order of the Court, except by officers of the Court and counsel of record, who, after reviewing the contents, shall return them to the clerk in a sealed envelope or container."

18.     The Court will determine how Designated Material will be treated during trial and other proceedings as it deems appropriate and consistent with applicable federal law, including but not limited to ITAR, EAR, and NISPOM statutes and regulations.

19.     Upon final termination of this action (whether by settlement, judgment, dismissal, or otherwise), all Designated Material, and copies thereof, shall be destroyed or promptly returned (and in no event later than forty-five (45) days after said termination) to that Designating Party.  In the case of transcripts, the Designated Material shall be destroyed or permanently redacted including any electronically stored transcripts or copies.  The receiving party shall, upon request from the Designating Party, provide to the Designating Party a certification that all Designated Materials have been returned or destroyed, or in the case of transcripts, permanently redacted (including any electronically stored copies).

20.     Inadvertent production of Confidential material prior to its designation as such in accordance with this Order shall not be deemed a waiver of a claim that the material is Confidential. Any such error shall be corrected within a reasonable time.

21.     Nothing in this Order shall require disclosure of information protected by the attorney-client privilege, or other privilege or immunity, and the inadvertent production of such information shall not operate as a waiver. If a Designating Party becomes aware that it has inadvertently produced information protected by the attorney-client privilege, or other privilege or immunity, the Designating Party will promptly notify each receiving party in writing of the inadvertent production. When a party receives notice of such inadvertent production, it shall return all copies of inadvertently produced material within three business days.

22.     The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further order relating to Designated Material; or to object to the production of Designated Material; or to apply to the Court for an order compelling production of Designated Material; or for modification of this Order; or to seek any other relief from the Court.

23.     Entering into or agreeing to this Order and/or receiving or producing Designated Material pursuant to this Order or otherwise complying with the terms of this Order shall not:

a.     be construed as an admission that such material, or any testimony concerning such material, would be admissible in evidence in this litigation or in any other proceeding;

b.     operate as an admission by any party that any particular information or material designated as Confidential contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of confidential information;

c.     operate as an admission by any party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information deemed by any party to be Confidential;

d.     prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery;

e.     prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Order;

f.     prejudice in any way the rights of a party to seek a determination by the Court whether any information or material should be subject to the terms of this Order;

g.     prejudice in any way the rights of a party to make a showing that information or materials are of proprietary or competitive value;

h.     prevent the parties to this Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material; or

i.     shift any evidentiary burdens with respect to the protection or production of documents or information in this action.

24.     The restrictions imposed by this Order may be modified or terminated only by further order of the Court.

25.     Upon final termination of this action, the Clerk shall return to counsel or destroy any Designated Materials that were not sealed provided that no judicial decision was made that the

material should not be so designated, no Notice of Appeal has been filed, and the time for filing such Notice of Appeal has expired.

DATED:  September 1, 2020.                    CRAIG P. KENNY & ASSOCIATES

By: */s/ Lawrence E. Mittin*
Lawrence E. Mittin, Nevada Bar No. 005428
501 S. 8th Street
Las Vegas, NV  89101
lmittin@cpklaw.com
*Attorney for Plaintiff Jordan J. Potter*

DATED:  September 1, 2020.                    MAUNE RAICHLE HARTLEY FRENCH & MUDD, LLC

By: */s/ Robyn R. Lundt*
T. Barton French, Jr., Nevada Bar No. 5641
Robyn R. Lundt, Missouri Bar No. 39968
*Admitted Pro Hac Vice*
1015 Locust Street, Suite 1200
St. Louis, MO 63101
rlundt@mrhfmlaw.com
*Attorneys for Plaintiff Jordan Potter*

DATED:  September 1, 2020.                    MESSNER REEVES LLP

By: */s/ Michael M. Edwards*
Michael M. Edwards, Nevada Bar No. 6281
8945 West Russell Road, Suite 300
Las Vegas, Nevada 89148
medwards@messner.com
*Attorneys for Eaton Aeroquip, LLC*

DATED:  September 1, 2020.                    GORDON REES SCULLY MANSUKHANI, LLP

By: */s/ James E. Cavanaugh*
Robert E. Schumacher, Nevada Bar No. 7504
James E. Cavanaugh, Nevada Bar No. 6929
300 South 4th Street, Suite 1550
Las Vegas, Nevada 89101
rschumacher@grsm.com
jecavanaugh@grsm.com
*Attorneys for General Dynamics Corporation and Old Orchard Industrial Corp*

1      DATED:  September 1, 2020.          LEWIS ROCA ROTHGERBER CHRISTIE
2                                                                LLP

3                                     By: */s/ J. Christopher Jorgensen*

4                                            J. Christopher Jorgensen, Nevada Bar No. 5382
                                           3993 Howard Hughes Pkwy, Suite 600
5                                            Las Vegas, NV 89169-5996
                                           cjorgensen@lrrc.com
6                                            *Attorneys for Defendant General Electric*
                                           *Company*

7

8      DATED:  September 1, 2020.          EVANS FEARS & SCHUTTERT LLP

9                                     By:  */s/ Jay J. Schuttert*

10                                          Jay J. Schuttert, Nevada Bar No. 8656
                                           Alexandria L. Layton, Nevada Bar No. 14228
11                                            6720 Via Austi Parkway, Suite 300
                                           Las Vegas, Nevada 89119
12                                            jschuttert@efstriallaw.com
                                           alayton@efstriallaw.com
13                                            *Attorneys for Defendant Goodrich Corporation,*
                                           *United Technologies Corporation, and*
14                                            *Northrop Grumman Systems Corporation*

15                                     TUCKER ELLIS LLP

16                                     By:  */s/ Daniel J. Kelly*

17                                            Daniel J. Kelly (pro hac vice)
                                           201 Mission Street, Suite 2310
18                                            San Francisco, CA 94105
                                           daniel.kelly@tuckerellis.com
19                                            *Attorneys for Defendant Northrop Grumman*
                                           *Systems Corporation*

20      DATED:  September 1, 2020.          LEWIS BRISBOIS BISGAARD & SMITH

21

22                                     By:  */s/ Jack Angaran*
                                           Jack Angaran (Nevada Bar No. 711)
23                                            5555 Kietzke Lane, Suite 200
                                           Reno, NV 89511
24                                            jack.angaran@lewisbrisbois.com
                                           jeffrey.koelemay@lewisbrisbois.com
25                                            *Attorneys for Defendant Honeywell International*
                                           *Inc.*

26

27

28

1     DATED:  September 1, 2020.        LEWIS BRISBOIS BISGAARD & SMITH

2

3                                        By: _*/s/ Steven Abbott*_
                                        Steven Abbott (Nevada Bar No. 10303)

4                                         Michael R. Smith (Nevada Bar No. 12641)
                                        Ronald Hellbush (pro hac vice)

5                                         6385 S. Rainbow Boulevard
                                        Las Vegas, Nevada 89118

6                                         steven.abbott@lewisbrisbois.com
                                        michael.r.smith@lewisbrisbois.com

7                                         ronald.hellbusch@lewisbrisbois.com
                                        *Attorneys for Defendant DCo LLC*

8

9     DATED:  September 1, 2020.        BACKUS, CARRANZA & BURDEN

10

11                                         By: _*/s/ Edgar Carranza*_
                                        Edgar Carranza (Nevada Bar No. 5902)

12                                         Jacquelyn Franco (Nevada Bar No. 13484)
                                        3050 S. Durango Drive

13                                         Las Vegas, Nevada 89117
                                        ecarranza@backuslaw.com

14                                         *Attorneys for Defendant Crane Co.*

15                                  **ORDER**

16

17                               IT IS SO ORDERED.

18

19                                _____

20                               Honorable  Cam Ferenbach
                              United States Magistrate Judge

21                               9-1-2020

22

23

24

25

26

27

28

**EXHIBIT A**

I have read and received a copy of the Protective Order entered in the lawsuit entitled Jordan J. Potter v. Crane Co., et al.

I attest that I am, (a) a party in this case; (b) counsel, staff, or a vendor for counsel representing a party in this case; or, (c) a consultant or expert retained by a party in this case. I hereby agree that I will comply with all provisions of this Order. I agree that I will not disclose any Designated Material to any person unless permitted by this Order and I will not use any such information for any purpose other than litigation-related activities involving this case and pursuant to the restrictions set forth in this Order.

I attest that I am qualified under all U.S. Export Laws and Regulations[3] to receive Export-Controlled materials and information as set forth in the Protective Order and that I will comply with all such Laws and Regulations with regard to the receipt of any materials designated as Export-Controlled. I attest that I am a U.S. Person as that is defined at 22 CFR 120.15. I further attest that (1) I have not been notified nor am I otherwise aware that I am named on any restricted list, disbarment list, or on any denied party/individual/entity list maintained by any government agency that would disqualify me for the receipt of Export-Controlled materials or information; and (2) I hereby submit my name for such a screening by the Designating Party to confirm that my name is not included on any such list. I understand that if my name is included on any such restricted, denied party/individual/entity or disbarment list it is unlawful for me to receive or review and Export-Controlled materials and that this Order prohibits me from receiving or reviewing any Export-Controlled materials designated in this case. I understand that by the terms of the Protective Order, I am not eligible to receive, and agree that I will not receive, any such Export-Controlled information or materials designated in this case unless and until I receive confirmation that I have been approved to do so as set forth in Paragraph No. 7 of the Protective Order.

---

[3] U.S. Export Control Laws shall include the U.S. Arms Export Control Act, as amended, 22 U.S.C. §§ 2751-2799, the International Traffic in Arms Regulations, as amended, 22 CFR 120-130 ("ITAR"), the Export Control Reform Act, 50 U.S.C. §§ 4801-4826, and/or the U.S. Export Administration Regulations, as amended, 15 CFR 730 et seq. ("EAR") and any regulations and orders administered by the Treasury Department's Office of Foreign Assets Control Regulations (31 CFR Chapter V).

Within thirty (30) days after the termination of the action I agree to return any and all copies of the Designated Materials produced by a Designating Party, as outlined in this Order, to counsel for the Designating Party or the party that I am working for or associated with so that the Designated Materials that I received can be returned to the Designating Party or destroyed, as set forth in Paragraph No. 19 of this Order.  I will not maintain a copy of any Designated Materials in my possession (or any notes, summaries, or abstracts of its substance) without the express, written authority from the Designating Party.

As a condition of having access to Designated Material, I agree and consent to be subject to the jurisdiction of The United States District Court for The District of Nevada with respect the enforcement of the provisions of the Order.

Full Name:

Business Address:

City and State of Residence:

DATED:

Signature:

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of **STIPULATION AND ORDER REGARDING CONFIDENTIAL AND EXPORT-CONTROLLED MATERIALS** was served on counsel of record this 1st day of September, 2020 using the Court's CM/ECF System.


_____*/s/ Faith Radford*_____

An Employee of Evans Fears & Schuttert LLP

\