**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| Jordan Potter, | Case No. 2:20-cv-00276-RFB-VCF |
|         Plaintiff, | |
| vs. | **ORDER** |
| Crane Co., et al., | EMERGENCY MOTION FOR LEAVE TO SERVE OUT-OF-TIME EXPERT WITNESS DISCLOSURE AND EXPERT REPORTS, AND FOR MODIFICATION OF THE SCHEDULING ORDER (ECF No. 367); MOTION FOR LEAVE TO FILE SERVER REPLY (ECF No. 373) |
|         Defendants. | |

Plaintiff filed an emergency motion for leave to serve out of time expert witness disclosure and expert reports and for modification of the scheduling order. (ECF No. 367). I grant plaintiff's motion in part. (*Id.*) Defendant Hexcel Corporation filed a motion for leave to file a surreply (ECF No. 373); defendants Henkel Corporation and Parker-Hannifin Corporation filed joinders to Hexcel's motion (ECF Nos. 374 and 375). I also grant Hexcel's motion in part (ECF No. 373): I have read and considered the attached surreply (ECF No. 373-1).

I also order plaintiff's counsel, the law firm Maune Raichle Hartley French & Mudd LLC, to pay monetary sanctions as discussed in this order. These sanctions must be paid by plaintiff's counsel's firm, not plaintiff Potter.

## I.     Background

Plaintiff has mesothelioma: he alleges the defendants' products exposed him to asbestos, through his father, a former U.S. Air Force aircraft mechanic. (See Amended Complaint, ECF No. 118 at 7).

There are currently multiple motions to dismiss for lack of jurisdiction, and related motions, pending before Judge Boulware. (ECF Nos. 318, 322, 323, 324, 325, 326, 328, 330, 336, 338, and 349).

Plaintiff argues in his motion for leave that around July 27, 2021, plaintiff's counsel learned that one of his intended experts had not been retained, and that two of the experts he retained had not received the electronic case materials to issue their reports. (ECF No. 367 at 4). Plaintiff, through his counsel, states that he immediately sought to remedy the issue, but that he served his expert disclosures along with two of his expert reports late. (*Id*.) Plaintiff argues that the defendants will not be prejudiced by the delay because there is no trial date set, expert discovery does not close until December 20, 2021, and there are several dispositive motions currently pending before Judge Boulware. (*Id*. at 6). Plaintiff also states that, "out of fairness to all parties, also seeks a 30-day extension of these deadlines to ensure that defendants' interests are further safeguarded." (*Id*.) Plaintiff also states that he has granted multiple extensions to the defendants and that at the time of filing he was still waiting for supplemental discovery from at least one defendant. (*Id*. at 7-8).

The defendants argue in their joint opposition that plaintiff has not shown good cause for failing to comply with the disclosure deadline that he has not been diligent. (ECF No. 371 at 2). Defendants also argue that plaintiff's late disclosure is not substantially justified or harmless. (*Id.* at 7). Defendants argue they are prejudiced because they must produce their own expert disclosures on time. (*Id.* at 8).

Plaintiff points out in his reply that several defendants filed the signed causation report of a jointly-retained expert a day later than called for in the operative scheduling order. (ECF No. 372 at 2). Defendant Hexcel argues in its motion for leave to file a surreply that it is not one of the "several defendants" that served an untimely disclosure. (ECF No. 373 at 2). Hexcel argues in its proposed reply that its disclosures were timely. (ECF No. 373-1 at 3). Defendants Dexter Hysol Aerospace, LLC, Henkel US Operations Corp's, and Parker-Hannifin Corporation filed joinders. (ECF Nos. 374 and 375).

## II.    Analysis

"Rule 26 of the Federal Rules of Civil Procedure requires the parties to disclose the identities of each expert and, for retained experts, requires that the disclosure includes the experts' written reports." *Goodman v. Staples the Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011) (citing Fed. R. Civ. P. 26(a)(2)). "Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). "Two express exceptions ameliorate the harshness of Rule 37(c)(1): The information may be introduced if the parties' failure to disclose the required information is substantially justified or harmless." *Id.*, citing to Fed. R. Civ. P. 37(c)(1). Per Rule 37(c)(1)(C), "the court…may impose other appropriate sanctions."

"The party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless." *R & R Sails, Inc. v. Ins. Co. of the Pa.,* 673 F.3d 1240, 1246 (9th Cir. 2012), citing *Torres v. City of L.A.*, 548 F.3d 1197, 1213 (9th Cir. 2008). "Among the factors that may properly guide a district court in determining whether a violation of a discovery deadline is justified or harmless are: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Lanard Toys, Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010), citing *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003).

The defendants are prejudiced by the plaintiff's late disclosures given that the defendants must comply with their disclosure deadlines. The plaintiff can cure the prejudice here because there is no trial set for the case and the plaintiff has asked to move the disclosure deadlines for all the parties. Since there is no trial set, the third factor also weighs in plaintiff's favor. Plaintiff has also met his burden to

3

show that he has not acted with bad faith or willfully given that counsel has admitted it was their error and they acted quickly to fix it. In balance the factors weigh in plaintiff's favor. I grant plaintiff's request to move the deadlines and I find that the plaintiff has met his burden to show that the late disclosures are harmless under these circumstances. I grant plaintiff's request for leave and extend discovery.  I also find that since the attorneys' actions led to the late disclosures, at no fault of the plaintiff, that monetary sanctions, to be paid by the firm, are appropriate here. Since I extend the case management deadlines as follows (except that no interim status report is needed), plaintiff's allegations that some of the defendants also served late disclosures is now a non-issue.

ACCORDINGLY,

I ORDER that plaintiff's emergency motion for leave to serve out of time expert witness disclosure and expert reports and for modification of the scheduling order is GRANTED IN PART. (ECF No. 367).

I FURTHER ORDER that that any of plaintiff's initial expert disclosures that it served prior to this order are now deemed timely.

I FURTHER ORDER that Defendant Hexcel Corporation filed a motion for leave to file a surreply (ECF No. 373) is GRANTED IN PART.

I FURTHER ORDER that the Clerk of Court is directed to file Hexcel's surreply (ECF No. 373-1) on the docket.

I FURTHER ORDER that the following new deadlines apply:

1. Defendants' initial expert disclosures: **Thursday, October 14, 2021.**

2. Rebuttal expert disclosures: **Monday, November 15, 2021.**

3. Expert discovery cutoff date: **Wednesday, December 15, 2021.**

4. Dispositive motions cutoff date: **Monday, January 24, 2022.**

4

5. Daubert motions cutoff date: **Wednesday, February 23, 2022.**

6. Joint pretrial order due date: **Friday, March 25, 2022**. If dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after decision on the dispositive motions or further court order.

I FURTHER ORDER that plaintiff's counsel is SANCTIONED as follows: by **Tuesday, September 21, 2021**, the law firm Maune Raichle Hartley French & Mudd LLC must:

1. Pay monetary sanctions, in the amount of $500, drawn on the account of the law firm, payable to the Clerk of Court, US District Court, District of Nevada, for credit to the Crime Victim's Assistance Fund; and

2. File a notice on the docket affirming that the sanction has been paid with a copy of the receipt.

DATED this 14th day of September 2021.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE