UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JORDAN J. POTTER, | Case No. 2:20-cv-00276-RFB-VCF |
| Plaintiff, | |
| v. | **ORDER** |
| CRANE CO., *et al*, | |
| Defendants. | |

**I.      INTRODUCTION**

Before the Court are two motions for Summary Judgment. The first was filed by Defendant Arrowhead Products, ECF No. 417, and the second was filed by Defendant Industrial Manufacturing Company, ECF No. 419.  For the reasons stated herein, these motions are GRANTED.

**II.     PROCEDURAL HISTORY**

On February 2, 2020, Plaintiff commenced this tort suit against 13 defendants by filing a complaint.  ECF No. 1.  On August 25, 2020, Plaintiff filed an emergency Motion to Amend or Correct the Complaint, that was granted by the Court.  ECF Nos. 115, 117.  Plaintiff filed a First Amended Complaint ("FAC") against 23 different defendants.  ECF No. 118.  The newly added defendants in the FAC included Arrowhead Products and Industrial Manufacturing Company. ECF No. 118.

On September 23, 2020, Defendants Arrowhead Products and Industrial Manufacturing

Company filed respective Answers to the FAC, containing cross claims and affirmative defenses and a demand for jury trial. ECF Nos. 147-48. On October 18, 2020, both Answers by Defendant Arrowhead Products and Defendant Industrial Manufacturing Company were amended to reflect cross-claims. Id. On September 14, 2021, Magistrate Judge Ferenbach ordered Discovery due by December 15, 2021. ECF No. 376.

On January 24, 2022, Defendant Arrowhead Products filed a Motion for Summary Judgment. ECF No. 417. Also on January 24, 2022, Defendant Industrial Manufacturing Company filed a Motion for Summary Judgment. ECF No. 419. On February 11, 2022, Plaintiff filed his Responses to the instant Motions for Summary Judgment. ECF Nos. 432-33. Specifically, Plaintiff's Responses contained within it a notice of no response and formal waiver to any hearing on these summary judgment motions. Id. On February 15, 2022, replies were filed by Defendants Arrowhead Products Industrial Manufacturing Company. ECF Nos. 434-35.

### III.   LEGAL STANDARD

Summary judgment is appropriate "if the movant shows there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The substantive law governing a matter determines which facts are material to a case. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).

When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted). The nonmoving party may not merely rest on the allegations of her pleadings; rather, she must produce specific facts—by affidavit or other evidence—showing a genuine issue of fact. Anderson, 477 U.S. at 256.

"If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it; or (4) issue any other appropriate order." Heinemann v. Satterberg, 731 F.3d 914, 915 (9th Cir. 2013) (citing Fed. R. Civ. P. 56(e)). When a party fails to oppose a motion for summary judgment, district courts must assess "whether the motion and supporting materials entitle the movant to summary judgment." Id. (citations and internal quotation marks omitted).

### IV.     FACTUAL BACKGROUND

Plaintiff's Response to the instant Motions for Summary Judgment noted his *nonresponse* to the motions, and waiver of his right to a hearing. Plaintiff did not provide the Court with any independent filings from which the Court is able to determine Plaintiff's position on the factual background of this case. The Court accordingly accepts the following facts as undisputed, based on Defendant Arrowhead Products' Motion for Summary Judgment (ECF No. 417), Defendant Industrial Manufacturing Company's Motion for Summary Judgment (ECF No. 419), and the other supporting materials in the record. See Heinemann, 731 F.3d at 915.

Plaintiff has cancer, including but not limited to mesothelioma. Plaintiff's father James Potter performed repairs to aircraft when he served as an aircraft mechanic in the United States Air Force. In the FAC, Plaintiff states that James Potter routinely worked on engines and the repair and maintenance of hoses, clamps, grommets, gaskets, fire sleeves, brakes, and other component parts of a plane. Plaintiff states that these parts contain asbestos, and that Plaintiff's mesothelioma was caused by the same, as James Potter would carry home the dust and asbestos fiber home from his work place. In his FAC, Plaintiff raises negligence, strict liability, civil conspiracy, and false representation claims.

Defendant Arrowhead Products manufactures aerospace ducting systems and rocket propulsion lines. Defendant Industrial Manufacturing Company is a holding company that has

never manufactured, produced, or distributed any product. Industrial Manufacturing Company is not the corporate successor of Arrowhead; instead, Arrowhead is a wholly owned subsidiary of Industrial Manufacturing Company.

In the course of Discovery, Plaintiff disclosed three documents to Defendants Arrowhead Products and Industrial Manufacturing Company. These documents contained the names of products and parts relating to Plaintiff's exposure to respirable asbestos fibers that Plaintiff alleged were traceable to Arrowhead and Industrial Manufacturing Company.

The three documents are as follows:

1. F-111E Technical Manual, dated April 28, 1970;
2. Structural Description Report for the F-111A, FB-111A, and F-111E, Volume II, dated December 28, 1970, and,
3. Technical Manual – Illustrated Parts Breakdown for Aircraft Engines USAF Model TF30-P-3, dated February 4, 1982.

None of the products manufactured by Arrowhead for the F-111A, FB-111A, and F-111E aircraft or TF30-P-3 engine contain asbestos. Industrial Manufacturing Company never manufactured, produced, or distributed any product of any kind, including those used in the F-111A, FB-111A, and F-111E aircraft or TF30-P-3. Before fact discovery closed in this matter on August 5, 2021, Defendants Arrowhead Products and Industrial Manufacturing took several depositions of Plaintiff's witnesses, including that of Plaintiff Jordan Potter, James Potter, and Michael Wolfe, James Potter's former Air Force co-worker. None of the fact witnesses identified any products made by Arrowhead Products or International Manufacturing Company during deposition.

During expert discovery, Defendants Arrowhead Products and International Manufacturing Company took the deposition of five of Plaintiff's expert witnesses. None of the five interviewed experts could identify any product manufactured, distributed or produced by Arrowhead or International Manufacturing Company as containing asbestos.

## V. DISCUSSION

Plaintiff brings four causes of action—negligence, strict liability for product defect and misrepresentation, and civil conspiracy—against all listed Defendants. Within these claims, as they pertain to the movants here, Plaintiff appears to be proceeding on a successor theory of liability as to Defendant International Manufacturing Company.

### a. Negligence

To prevail on a negligence claim, a plaintiff must show (1) the existence of a duty of care; (2) breach of that duty; (3) legal causation; and (4) damages. Sanchez v. Wal-Mart Stores, Inc., 221 P.3d 1276, 1280 (2009). Legal causation has two components – actual cause and proximate cause. Dow Chemical Co v. Mahlum, 970 P.2d 98, 107 (Nev. 1998). To demonstrate actual causation, a party must demonstrate that but for defendant's negligence, his or her injuries would not have occurred. Sims v. Gen. Tel. & Elecs., 815 P.2d 151, 156 (Nev. 1991). To demonstrate proximate cause, a party must show that the defendant could have foreseen that his or her negligent conduct could have caused a particular variety of harm to a certain type of plaintiff. Id. In asbestos-related claims, a plaintiff must establish a causal link between an illness suffered and asbestos exposure, and show that "a particular defendant sufficiently exposed plaintiff to asbestos." Holcomb v. Georgia Pacific, LLC, 420 P.2d 855, 858 (Nev. 2012).

When a plaintiff proceeds on a theory of successor liability, they must establish a *prima facie* showing of an exception to the general principal that "when one corporation sells all of its assets to another, the purchaser is not liable to the debts of the seller." Lamb v. Leroy Co., 454 P.2d 24, 26-27) (Nev. 1969); see generally U.S. v. Bestfoods, 524 U.S. 51, 61 (1998). The four notable exceptions are: (1) the implicit agreement to assume debts between seller and buyer; (2) de-facto merger between buyer and seller; (3) where the corporate buyer is merely a continuation of the seller, and (4) where the transaction was fraudulently designed by a party to escape liability for certain debts. See Village Builders 96 L.P. v. U.S. Laboratories Inc., 112 P.3d 1082, 1087 (Nev. 2005).

The Court finds that, based on the undisputed facts, Plaintiff cannot establish actual

causation. There is no evidence in the record from which a reasonable jury could conclude that but for Defendant's negligence, Plaintiff's injuries would not have occurred, because Plaintiff has not connected his harm (asbestos-related cancer) to Arrowhead Products. Plaintiff has not produced evidence that he was exposed, directly or indirectly, to asbestos-containing products made or distributed by Arrowhead Products.

Plaintiff has also not challenged International Manufacturing Company's repeated assertions that, (1) as a holding company, it does not manufacture, produce, or distribute any product of any kind, and (2) it is not a corporate successor to Arrowhead Products. Based on the undisputed facts, Plaintiff has failed to establish an exception to the general rule that holding companies are not liable for the actions of their wholly-owned subsidiaries. U.S. v. Bestfoods, 524 U.S. at 61. Plaintiff's negligence claims as to International Manufacturing Company fails.

    b. **Strict Liability claims**

Nevada has a longstanding tradition of strong strict liability laws. To prevail on a strict liability claim, a plaintiff must show that their injury was "caused by a defect in [defendant's] product, and that such defect existed when the product left the hands of the defendant." Shoshone Coca-Cola Co. v. Dolinski, 420 P2.d 855 (Nev. 1966). Products that are defective are those that are "dangerous because they fail to perform in the manner reasonably expected in light of their intended nature and function." Ginnis v. Mapes Hotel Corp., 470 P.2d 135, 138 (Nev. 1970); see also Restatement (Second) of Torts, § 402A(1) (1977).

Under Section 402-B of the Second Restatement of Torts (RST), a manufacturer can face strict liability based on misrepresentations made to the public. See Restatement (Second) of Torts § 402B (1977). Specifically, this section grants liability for physical harm to the consumer, resulting from a misrepresentation about the "chattel sold, even though the misrepresentation is an innocent one, and not made fraudulently." Id.

Based on the undisputed fact that there is no product traceable to either Defendant here, and no misrepresentation evidenced in the undisputed facts, Plaintiff's strict liability claims against these Defendants fail.

c. **Civil Conspiracy**

To bring a successful civil conspiracy claim, a plaintiff must establish at minimum that "two or more persons undertake some concerted action with the intent to commit an unlawful objective, not necessarily a tort" and that plaintiff suffered damages as a result of this action. Cadle Co. v. Woods & Erickson, LLP., 345 P.3d 1049, 1052 (Nev. 2015); see also Collins v. United Federal Savings & Loan Ass'n, 662, P.2d 610, 622 (Nev. 1983). The tort of civil conspiracy is about damages *stemming* from the unlawful agreement, rather than the agreement itself. Eikelberger v. Tolotti, 611 P.2d 1086, 1087 (Nev. 1980).

Here, based on the undisputed facts, Plaintiff failed to establish that Defendants either together or with other parties unlawfully conspired to harm Plaintiff and that his harm stems from that concerted action. Plaintiff's Civil Conspiracy claim fails as to Arrowhead Products and International Manufacturing Company.

## VI.     CONCLUSION

**IT IS THEREFORE ORDERED** that (1) Defendant Arrowhead Products' Motion for Summary Judgment, ECF No. 417, is GRANTED and (2) Defendant Industrial Manufacturing Company's Motion for Summary Judgment, ECF No. 419, is GRANTED. The Clerk of the Court is instructed to close this case as to these two defendants and enter judgment accordingly.

**DATED:** September 19, 2022



_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**